IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SAMUEL GERARD WHITE,         )
                             )
            Petitioner,      )
                             )
    v.                       )     1:20CV368
                             )     1:18CR176-1
UNITED STATES OF AMERICA,    )
                             )
            Respondent.      )

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner in this action brings a motion (Docket Entry 24) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Petitioner pled guilty to possession of a firearm and ammunition by a convicted felon. (Docket Entries 1, 10-11, 18; 8/7/2018 Minute Entry.) He was later sentenced to 84 months of imprisonment. (Docket Entry 18; 11/27/2018 Minute Entry.) Petitioner did not appeal, but later filed the instant motion (Docket Entry 24, § 8) and a motion for judgment[1] (Docket Entry 28). The Government filed a response (Docket Entry 31) and though Petitioner was notified of his right to file a reply (Docket Entry 32) no reply was filed and the time to do so has long since expired. This matter is now ready for a ruling. *See* Rule 8, Rules Governing § 2255 Proceedings.

---

[1] Petitioner's motion for judgment requests that the Court enter default judgment in his favor because the Government purportedly failed to file a timely response to his § 2255 motion. (Docket Entry 28.) However, as explained herein, regardless of whether the Government's response was timely filed, Petitioner has failed to demonstrate that his *Rehaif* ground has merit. This motion should therefore be denied.

Petitioner raises a single ground for relief contending that his guilty plea is invalid, and his convictions are unconstitutional, under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (Docket Entry 24, Ground One.) As explained below, this argument is not persuasive.

More specifically, under 18 U.S.C.§ 922(g)(1), any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" is prohibited from possessing a firearm or ammunition. 18 U.S.C. § 922(g)(1). According to *Rehaif*, the Government must prove not only "that the Defendant knew he possessed a firearm" or ammunition but that he also "knew he belonged to the relevant category of persons barred from possessing a firearm" or ammunition. *See Rehaif*, 139 S. Ct. at 2220. Further, following the filing of Petitioner's motion, the United States Supreme Court decided the case of *Greer v. United States*, 141 S. Ct. 2090 (2021), which involved two cases with similar claims under *Rehaif* that were raised for the first time on direct appeal and subject to plain error analyses.[2] To obtain relief in a plain error review, an appellant must show that an error occurred, that the error was plain, and that the error affected "substantial rights," which generally means that there must be "'a reasonable probability that, but for the error, the outcome of the proceeding would have been different.'" *Id.* at 2096 (quoting *Rosales-Mireles v. United States*, 138 S. Ct. 1897,

---

[2] One of the cases that the Supreme Court reversed in *Greer* was *Gary*, a Fourth Circuit case. *Gary* held that a *Rehaif* "error is structural, which per se affects a defendant's substantial rights." *Gary*, 954 F.3d at 200. In *Greer*, however, the Supreme Court made clear "a *Rehaif* error in a plea colloquy is . . . not structural," as it "fit[s] comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" 141 S. Ct. 2100 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306 (1991)). Consequently, any assertion that a *Rehaif* error is per se reversible has no merit. Therefore, *Gary* cannot serve as a basis for Petitioner's argument. Nor does *United States v. Lockhart*, 947 F.3d 187 (4th Cir. 2020) assist Petitioner. *Lockhart* was before the Fourth Circuit on direct appeal, not collateral review. *See* 947 F.3d at 189. In addition, it was the combination of an error during the plea colloquy (being misinformed as to his potential sentence exposure) and a *Rehaif* error that led the appellate court to vacate *Lockhart*'s conviction and remand the case to the district court for further proceedings. *Id.* at 196-97. Consequently, *Lockhart* does not assist Petitioner here.

2

1904-05 (2018)). The Supreme Court noted in performing this analysis that "demonstrating prejudice under *Rehaif* 'will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons.'" *Id.*, 141 S. Ct at 2098 (quoting *United States v. Lavalais*, 960 F.3d 180, 184 (2020)). The Court concluded that "a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Id.* at 2100.

The burden for a petitioner proceeding under § 2255 is even higher than for a defendant attempting to show plain error on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting "use of the 'plain error' standard to review Frady's § 2255 motion" and stating "that to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal"). Further, in light of the standard set out above, at a minimum to establish prejudice a petitioner would at least have to make a sufficient argument or representation that he could have presented evidence that he did not know he was convicted of a crime punishable by more than a year.

Here, Petitioner has failed to demonstrate that he was unaware that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Nor does it appear that he could meet his burden. At the time he committed the instant offense, Petitioner had previously been convicted of several felony convictions. (Docket Entry 17, ¶¶ 32, 34-35, 37.) This included convictions on January 21, 2010 for felony sell a schedule II controlled substance and felony possession with intent to sell or deliver cocaine, for which he served 16 to 20 months imprisonment after his probation was revoked (*id.*, ¶ 32); an April 17, 2013

3

conviction for felony conspiracy to commit robbery with a dangerous weapon, for which he received a 23 to 40 month active sentence (*id.*, ¶ 34); a May 14, 2013 conviction for felony conspiracy to commit robbery with a dangerous weapon, for which he received a 30 to 48 month sentence of imprisonment (*id.*, ¶ 35); and an October 6, 2017 conviction for felony possession of cocaine, for which he was sentenced to 6 to 17 months imprisonment (*id.*, ¶ 37). In light of all this, Petitioner would have known that he was convicted of a crime punishable by more than a year.

Petitioner does not contend that he did not know of these convictions, sentences, or periods of incarceration. *See United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) (concluding that where a defendant actually served sentences longer than one year, it is "virtually impossible to believe he did not know he had been convicted of crimes punishable by such sentences"); *see also United States v. Moody*, 2 F.4th 180, 197-98 (4th Cir. 2021) ("Moody argues . . . that the district court did not properly describe the mens rea requirement because he believes *Rehaif* requires the government to prove not just knowledge of status but also knowledge that this status prohibits firearm possession. . . . There is no basis in the Court's reasoning [in *Rehaif*] to extend the typical scienter requirement . . . to the knowledge that possession of a firearm is prohibited."). Because of all this, there is no reason to believe that absent any *Rehaif* error here, the outcome of the proceeding would have been different. Consequently, any *Rehaif* claim fails.[3]

---

[3] For the same reasons, any *Rehaif* claim fails regardless of whether it is predicated upon a purported Court error and regardless of whether it asserts a defect in the indictment, the plea colloquy, or both.

Case 1:18-cr-00176-WO   Document 33   Filed 04/27/22   Page 4 of 5

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion (Docket Entry 24) to vacate, set aside, or correct sentence and motion for judgment (Docket Entry 28) both be **DENIED**, and that judgment be entered dismissing the action.

*/s/ Joe L. Webster*
Joe L. Webster
United States Magistrate Judge

April 27, 2022